COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE HOLDERS OF
IMPAC SECURED ASSETS CORP.,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-4,

§

§

§

§

No. 08-12-00211-CV

Appeal from the

Appellant,

§

County Court at Law No. 1

v.

§

of Dallas County, Texas

JOANN EZELL AND ALL OCCUPANTS
OF 2400 SADDLEWOOD CT., CEDAR
HILL, TEXAS 75104,

§

§

(TC# CC-12-00212-A)

Appellees.

§

## O P I N I O N

In this forcible detainer action, Wells Fargo Bank, N.A., as Trustee for the Holders of Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2004-4 appeals the county court at law's judgment awarding possession of the property in dispute to Joann Ezell and all occupants. We reverse and render judgment in favor of Wells Fargo.

### FACTUAL AND PROCEDURAL BACKGROUND

Joann and Keith Ezell bought a home at 2400 Saddlewood Ct., Cedar Hill, Texas 75104 with the proceeds of a loan secured by a deed of trust. Section 22 of the deed provides that the lender, in the event of default, "may invoke the power of sale and any other remedies permitted by Applicable Law." This section further states that:

> If the Property is sold pursuant to [Section 22], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

The loan and lien were ultimately transferred and assigned to Wells Fargo. The Ezells defaulted on the loan and Wells Fargo foreclosed on the property as allowed by the deed of trust. After purchasing the property at the foreclosure sale and receiving a substitute trustee's deed, Wells Fargo sent the Ezells written notice to vacate the premises, but they failed to do so.

Subsequently, Wells Fargo filed a forcible detainer action in the justice court to obtain possession of the property. The justice court entered a default judgment against the Ezells and all occupants and awarded possession of the premises to Wells Fargo. The Ezells subsequently appealed that judgment to the county court at law. After hearing the matter and taking it under advisement, the county court determined that the Ezells and all occupants were entitled to possession.

## FORCIBLE DETAINER

Wells Fargo argues that the county court erred in awarding possession of the premises to the Ezells and all occupants because it established its entitlement to possession as a matter of law.[1] We agree.

### *Applicable Law*

By rule, the only issue in a forcible detainer action is "the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R.CIV.P. 746. Thus, the sole question for the trial court is who has the right to immediate possession of the real property. *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex.App.--Houston [1st Dist.] 2004, pet. denied). The existence of a

---

[1] The Ezells did not file a brief.

landlord-tenant relationship between the purchaser at foreclosure and the current possessor of the property provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. *See Mortgage Elec. Registration Sys., Inc. v. Knight*, No. 09-04-00452-CV, 2006 WL 510338, *4 (Tex.App.--Beaumont Mar. 2, 2006, no pet.)(mem. op.); *Villalon*, 176 S.W.3d at 71.

To prevail in a forcible detainer action, the purchaser at foreclosure must show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Villalon*, 176 S.W.3d at 70. As a matter of law, a purchaser succeeds in so showing by establishing that: (1) it has a landlord-tenant relationship with the borrower; (2) it purchased the property at foreclosure; (3) it gave proper notice to the occupants of the property to vacate; and (4) the occupants refused to vacate the premises. *See* TEX.PROP.CODE ANN. §§ 24.002(a)(2), 24.002(b), 24.005 (West 2000 and Supp. 2012); *Morris v. Am. Home Mortgage Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex.App.--Houston [1st Dist.] 2011, no pet.); *Knight*, 2006 WL 510338 at *3; *Villalon*, 176 S.W.3d at 71.

### *Discussion*

Wells Fargo established its entitlement to possession of the premises as a matter of law. Wells Fargo did so primarily via three documents admitted into evidence without objection: (1) a certified copy of the deed of trust; (2) a certified copy of the substitute trustee's deed; and (3) a business record affidavit containing a copy of the notice to vacate sent to the Ezells. As is shown above, Section 22 of the certified copy of the deed of trust contains language establishing a landlord-tenant relationship between the Ezells and the purchaser of the property at a foreclosure sale. The certified copy of the substitute trustee's deed establishes that Wells Fargo purchased the

3

property at the foreclosure sale and is entitled to possession of the property. The notice to vacate provides proof of proper notice to the Ezells that they were required to vacate the premises in three days. *See* TEX.PROP.CODE ANN. § 24.005 (West Supp. 2012). Finally, Keith Ezell's testimony provided evidence of his possession of the property and his refusal to vacate. Collectively, this evidence is sufficient to establish Wells Fargo's superior right to immediate possession of the premises. *See Morris*, 360 S.W.3d at 35; *Knight*, 2006 WL 510338 at *4; *Villalon*, 176 S.W.3d at 71.

Nothing in the record controverts Wells Fargo's entitlement to possession. Wells Fargo would not have been entitled to possession if the issue of title was so intertwined with the issue of possession that the county court had no jurisdiction to award possession at all. *Villalon*, 176 S.W.3d at 70. That situation is not present here. Although Keith Ezell testified that on the day Wells Fargo purchased the property at foreclosure, he filed a wrongful-foreclosure suit and obtained a TRO, neither the petition nor the TRO are included in the record. Moreover, counsel for Wells Fargo informed the county court that Ezell's suit had been dismissed, and there is nothing in the record establishing that Wells Fargo purchased the property in violation of the TRO. When juxtaposed with the uncontroverted evidence that Wells Fargo had a landlord tenant-relationship with the Ezells and thus a superior right to immediate possession of the premises, Keith Ezell's testimony is insufficient to show that the county court lacked jurisdiction to award possession of the premises to Wells Fargo. As Ezell's counsel acknowledged at the hearing, the Ezells retain the right to pursue a wrongful foreclosure action in district court even if possession were awarded to Wells Fargo. *See Villalon*, 176 S.W.3d at 70-71.

Because the evidence showed that Wells Fargo had a landlord tenant-relationship with the

4

Ezells, the county court could determine possession without quieting title. Since that evidence was sufficient to establish that Wells Fargo had a superior right to immediate possession of the premises, we hold that the county court erred in awarding possession to the Ezells.

We sustain Wells Fargo's issue.

## CONCLUSION

We reverse the trial court's judgment and render judgment that Wells Fargo is entitled to possession of 2400 Saddlewood Ct., Cedar Hill, Texas 75104.


September 25, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

5