**Opinion issued August 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00237-CV

————————————

**RUBEN GARCIA AND JOSE GARCIA, Appellants**

**V.**

**JAVIER E. PERRETT, Appellee**

---

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1025209**

---

## MEMORANDUM OPINION

Appellants, Ruben Garcia and Jose Garcia (the "Garcias"), challenge the trial court's judgment of possession of real property in favor appellee, Javier E. Perrett, in Perrett's forcible-detainer action against them. In two issues, the Garcias contend that the evidence is legally and factually insufficient to support the

trial court's finding that they committed a forcible detainer of the real property and the sale of the property to Perrett should be set aside.

We affirm.

## Background[1]

Perrett filed, in a Harris County justice court, a sworn complaint for eviction, seeking to evict the Garcias and all occupants from a home at 1802 Dominic Lane in Sonoma Ranch, a subdivision located in Houston. In his complaint, Perrett identified himself as the owner of the property, having purchased it at an execution sale foreclosing on a lien held by the Sonoma Ranch Homeowner's Association (the "Association"). Perrett asserted that he delivered "in person" to the Garcias a written notice to vacate and demand for possession of the property. The justice court entered a judgment of possession in favor of Perrett, and the Garcias appealed to the county court for a trial de novo.

At trial in the county court, Perrett, proceeding pro se, testified that he had purchased the property at "auction." And the trial court admitted into evidence a certified copy of Perrett's "Deed Under Execution," which shows that he purchased the property on June 5, 2012 for $7,000 at a public sale conducted by

---

[1] The Garcias present in their appellate brief what they assert are "[f]acts not apparent from the record in this cause," and they have attached various exhibits to their brief. However, we must hear and determine a case on the record as filed; we may not consider documents attached to briefs as exhibits if they are not included in the record. *See Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

the Harris County Precinct 3 Constable, by virtue of a writ issued pursuant to a judgment and decree of sale.[2]  Perrett further testified that he gave the Garcias notice to vacate, and he referred the trial court to a "Vacate Notice Request" that he had submitted to the constable.  The trial court responded,

> That's [a] request.  Let me look through the court file and see if it's in there.  If you requested the constable to do it, it might be in here.  Sometimes the constable attaches it to the original pleadings.  Okay.  Date of the 30-day notice, 9/6/12.  According to this, the 30-day notice was sent by the constable on 9/6/12 . . . . Owner desires possession of property for [sic] 30 days.[3]

Finally, Perrett testified that despite notice, the Garcias had refused to vacate the property.

Ruben Garcia, also proceeding pro se, explained that the Association had sold the property because of a "problem that [he] had on a bill."  Since the sale, however, he "paid the amount" to the Association, and it had released its lien.  Garcia asserted, thus, Perrett was no longer entitled to possession of the property.

The trial court concluded that Perrett's deed was "good" and the Garcias' payment to the Association after the foreclosure sale did not invalidate the effect of Perrett's deed on this proceeding.  Accordingly, it rendered judgment of possession in favor of Perrett.

---

[2]     *Sonoma Ranch Homeowner's Ass'n, Inc. v. Ruben Garcia*, No. 2011-05162, in the 270th District Court of Harris County.

[3]     Only the "Vacate Notice Request" appears in the appellate record.

## Standard of Review

In a nonjury trial, when no findings of fact or conclusions of law are filed,[4] we imply that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). When a reporter's record is filed, as in this case, the implied findings are not conclusive, and a party may challenge both the legal and factual sufficiency of the evidence supporting those findings. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When legal- and factual-sufficiency issues are raised, the applicable standards of review are the same as those applied to review jury findings. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). The judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

We will sustain a legal-sufficiency or "no-evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In

---

[4] The record does not show that the Garcias filed the requisite notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297; *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 410 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

4

conducting a legal-sufficiency review, a "court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it." *Id*. at 822. The term "inference" means,

> [i]n the law of evidence, a truth or proposition drawn from another which is supposed or admitted to be true. A process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved . . . .

*Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 400 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (quoting BLACK'S LAW DICTIONARY 700 (5th ed. 1979)). For a factfinder to infer a fact, "it must be able to deduce that fact as a logical consequence from other proven facts." *Id*.

If there is more than a scintilla of evidence to support the challenged finding, we must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 48 (Tex. 1998). "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). However, if the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then factfinders must be allowed to do so. *City of Keller*, 168 S.W.3d at 822; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "A reviewing court cannot substitute its judgment

for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement." *City of Keller*, 168 S.W.3d at 822.

In conducting a factual-sufficiency review, we must consider, weigh, and examine all of the evidence that supports or contradicts the factfinder's determination. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). In a bench trial, the trial court is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *Howeth Invs., Inc. v. City of Hedwig Vill.*, 259 S.W.3d 877, 894 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). We may set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

### Forcible Detainer

In their first issue, the Garcias argue that the evidence is legally and factually insufficient to support the trial court's finding that they committed a forcible detainer because they had a superior right to possess the real property and Perrett failed to make a timely written demand for possession of the property prior to filing suit.

A person who "purchases occupied property at a sale foreclosing a property owners' association's assessment lien must commence and prosecute a forcible . . . detainer action . . . to recover possession of the property." TEX. PROP. CODE ANN. § 209.011(a) (Vernon Supp. 2013). A forcible-detainer action is intended to be a speedy, simple, and inexpensive method to obtain immediate possession of property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). It is "cumulative" of any other legal remedy that a party may have. *Hong Kong Dev., Inc.* v. *Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The only issue to be determined in a forcible-detainer action is which party is entitled to immediate possession of the real property at issue, and the merits of whether a party has title shall not be adjudicated. *See* TEX. R. CIV. P. 510.3(e); *Marshall*, 198 S.W.3d at 787.

To prevail in his forcible-detainer action, Perrett had to show that (1) he was the owner of the property at issue, (2) the Garcias were occupants of the property at the time of foreclosure, (3) the foreclosure was of a lien superior to the Garcias' right to possession, (4) Perrett made a sufficient written demand for possession, and (5) the Garcias refused to vacate. *See* TEX. PROP. CODE ANN. § 24.002 (Vernon 2000); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Regarding his ownership of the real property, Perrett, as the purchaser, was not required to prove title, but only to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Murphy*, 199 S.W.3d at 446. Perrett testified that he purchased the real property at auction, and the county court admitted into evidence a certified copy of his "Deed Under Execution," which shows that he purchased the property at a public sale conducted by the Harris County Precinct 3 Constable by virtue of a writ issued pursuant to the judgment and decree of sale entered against Ruben Garcia in *Sonoma Ranch Homeowner's Association, Inc. v. Ruben Garcia*, No. 2011-05162, in the 270th District Court of Harris County. Perrett further testified, and it is undisputed, that the Garcias occupied the property at the time of foreclosure, and they refused to vacate. *See Murphy*, 199 S.W.3d at 445. "Generally, an occupant of the property holding over after execution of a deed is considered a permissive tenant whose right to possession is inferior to that of the party holding title." *Id.* (citing *Tex–Wis Co. v. Johnson*, 534 S.W.2d 895, 899 (Tex. 1976)).

Because it is undisputed that Perrett provided the trial court with a foreclosure sale deed, which, on its face, purports to transfer the property to him, and the foreclosure was of a lien superior to the Garcias' right to possession, the evidence demonstrates Perrett's superior right to immediate possession. *See id.* at 445–47 (holding deed obtained at foreclosure sale established ownership in

8

forcible-detainer action); *see also Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 922 (Tex. App.—El Paso 2013, no pet.) (same); *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding purchaser established ownership of property by virtue of deed following foreclosure sale); *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding uncontroverted testimony and execution sale deed constituted evidence of superior right to possession).

The Garcias argue that "at the time Perrett filed this forcible detainer action . . . , he did not have a superior right to possession of the property because [Ruben Garcia] had already begun to exercise [his] right to redeem the property."

A residential-property owner or lienholder of record "may redeem" property sold at a sale foreclosing on a property association's assessment lien "not later than the 180th day after the date the association mails written notice of the sale to the owner and the lienholder." TEX. PROP. CODE ANN. § 209.011(b) (Vernon Supp. 2013). To redeem property purchased at a foreclosure sale by a person other than the property owners' association, the owner or lienholder must pay the association all amounts due at the time of the foreclosure sale, "less the foreclosure sales price received by the association from the purchaser"; reimburse the purchaser the price he paid at the foreclosure sale; and pay any new assessments, fees, and costs. *Id.* § 209.011(e). "If a lot owner or lienholder redeems the property under this section,

9

the purchaser of the property at foreclosure shall immediately execute and deliver to the redeeming party a deed transferring the property to the lot owner." *Id.* § 209.011(f). "If a purchaser fails to comply with this section, the lot owner or lienholder may file an action against the purchaser and may recover reasonable attorney's fees from the purchaser if the lot owner or the lienholder is the prevailing party in the action." *Id.* "If a lot owner makes partial payment of amounts due the association at any time before the redemption period expires but fails to pay all amounts necessary to redeem the property before the redemption period expires, the association shall refund any partial payments to the lot owner . . . ." *Id.* § 209.011(l).

Here, the Garcias assert that they had taken the "first step toward redemption by paying the amounts due to [the Association] and obtaining a release of lien." The clerk's record contains the Association's lien release, which is dated August 21, 2012 and shows that it was recorded in the county's real property records on September 4, 2012. However, the lien release does not reflect what sums were paid or by whom.[5]

Even if we were to conclude that the Association's lien release constitutes evidence that the Garcias paid the Association in accordance with the statute, the

---

[5] We cannot discern whether the Association released its lien because Perrett satisfied the delinquent assessments through his purchase at the foreclosure sale; the Garcias paid their delinquent assessments, resulting in the Association having been paid twice; or the Garcias paid a deficiency that remained after the sale.

Garcias do not assert, and there is nothing in the record that shows, that they paid Perrett. *See id.* § 209.011(e). Rather, they make only a bare assertion for the first time on appeal that they attempted to pay Perrett. Thus, the Garcias have not demonstrated that the trial court erred in finding that Perrett demonstrated a superior right to possession of the real property.

Moreover, any defects in the foreclosure process or with title to the property following foreclosure may not be considered in a forcible-detainer action, but must be pursued in a separate suit in the district court for wrongful foreclosure or to set aside the deed. *See* TEX. R. CIV. P. 510.3(e); *Marshall*, 198 S.W.3d at 787; *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435–36 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Villalon*, 176 S.W.3d at 70–71 (holding because forcible-detainer action not exclusive, but cumulative, "the displaced party is entitled to bring a separate suit in the district court to determine the question of title"); *see also Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.) (holding county courts are without jurisdiction to adjudicate title in de novo trial of forcible-detainer action from justice court). "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Marshall*, 198 S.W.3d at 787. Title issues must be brought in a separate suit in district court, even if such action "involves adjudication of matters

that could result in a different determination of possession from the decision rendered in the forcible detainer suit." *Salaymeh*, 264 S.W.3d at 436.

The Garcias further assert that Perrett failed to make a written demand for possession and he "produced no evidence" of any notice to vacate. A written demand for possession must be made by a person entitled to possession of the property and it must comply with the requirements for "notice to vacate" in Texas Property Code section 24.005. TEX. PROP. CODE ANN. § 24.002(b) (Vernon 2000), § 24.005 (Vernon Supp. 2013). Section 24.005 required Perrett, before filing a forcible-detainer action, to give the Garcias "at least three days' written notice to vacate." *Id.* § 24.005(b). "The notice to vacate shall be given in person or by mail at the premises in question." *Id.* § 24.005(f). Notice by mail "may be by regular mail" or by certified mail, return receipt requested. *Id.*

In his sworn petition filed in the justice court on October 5, 2012, Perrett asserted that he made "demand for possession" and gave the Garcias "[w]ritten notice to vacate" by "delivery in person" on September 6, 2012. The record contains Perrett's "Vacate Notice Request," sent on September 6, 2012 to the Harris County Constable by facsimile, asking that thirty days' notice to vacate be issued to "all occupants" at 1802 Dominic Lane. And it shows that it was received by "HCCO Precinct 3" on September 6, 2012. The actual notice to vacate and return receipt, if any, are not in the appellate record. *See id.* (allowing notice "by

12

regular mail"). However, the trial court indicated on the record that its file contained a "30-day notice . . . sent by the constable on 9/6/12." A trial court may take judicial notice of the contents of its file. *See* TEX. R. EVID. 201 (providing trial court may take judicial notice of matters generally known or easily proven and cannot reasonably be disputed); *Hunt Const. Grp., Inc. v. Konecny*, 290 S.W.3d 238, 244 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *see also In re M.C.H.*, No. 01-02-00686-CV, 2003 WL 21470347, at \*2 (Tex. App.—Houston [1st Dist.] June 26, 2003, no pet.) (mem. op.) (holding reporter's record showing trial court took judicial notice of constable's return constituted sufficient evidence notice was given). The Garcias did not object to the trial court's action, and they do not assert that they did not receive notice.

Viewing the evidence in the light most favorable to the trial court's judgment and indulging every reasonable inference that would support it, we conclude that there is evidence to support the trial court's implied findings that Perrett demonstrated a superior right to immediate possession of the property, Perrett made written demand for possession, and the Garcias refused to vacate. We further conclude, after viewing all of the evidence neutrally, that the evidence supporting these findings is not so weak as to render the trial court's judgment clearly wrong or manifestly unjust. Accordingly, we hold that the evidence is

13

legally and factually sufficient to support the trial court's judgment that the Garcias committed a forcible detainer.

We overrule the Garcias' first issue.

## Underlying Judgment

In their second issue, the Garcias argue that the "sale of the property should be set aside" because the Association did not provide proper notice "prior to proceeding with their action to obtain the underlying judgment." As noted above, any defects in the underlying foreclosure process may not be considered in a forcible-detainer action. *See* TEX. R. CIV. P. 510.3(e); *Marshall*, 198 S.W.3d at 787; *Salaymeh, LLC*, 264 S.W.3d at 435–36; *Villalon*, 176 S.W.3d at 70–71.

We overrule the Garcias' second issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.