# NO. 12-18-00036-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES ERIC MELTON AND KIMBERLY ANN MELTON, APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *ED SMITH, APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Eric Melton and Kimberly Ann Melton appeal from the trial court's judgment in a forcible detainer action filed against them by Ed Smith. In their sole issue, the Meltons contend that the trial court lacked jurisdiction. We vacate the judgment of the county court at law and dismiss the forcible detainer action for want of jurisdiction.

### BACKGROUND

The Meltons purchased property from Smith in late 2015. They signed a warranty deed with vendor's lien providing that in exchange for cash and a note in the amount of $35,000 the Meltons purchased five lots in the Tall Oaks Subdivision in Van Zandt County and a single-wide manufactured home. The promissory note identified Smith as the lender and provided that the note is secured by the land and manufactured home. The accompanying deed of trust included the same property description as the warranty deed and promissory note. The Meltons defaulted on the note and Smith purchased the land, minus 3.035 acres that had erroneously been included in the warranty deed and deed of trust, and a 2002 Powerhouse manufactured home at a non-judicial foreclosure sale in September 2017.

Shortly thereafter, Smith filed a petition for forcible detainer against the Meltons in justice court asserting that the Meltons have no right to possession of the real property located at

110 VZ CR 2426, Canton, Texas. The Meltons argued that neither the land nor the manufactured home described in the foreclosure deed is the same property that is described in their warranty deed or deed of trust. Therefore, their argument continued, the dispute between the parties involves the necessary resolution of a question of title to real estate and the justice court lacks jurisdiction over the suit.

While the forcible detainer action was pending in justice court, the Meltons filed suit against Smith in district court alleging that they paid Smith in full for the real property and asking the court to award title to the real property to them. They asserted numerous causes of action including violations of the Texas Deceptive Trade Practices Act, breach of contract, and wrongful foreclosure.[1]

On October 12, 2017, the justice court rendered judgment that Smith is entitled to possession of the premises described as 110 VZ CR 2426, in Canton Texas. The court determined that the Meltons failed to prove that their property description was different from Smith's property description. The Meltons appealed that order to the county court at law arguing that the right to immediate possession of the real property necessarily requires resolution of the title dispute and the county court at law does not have jurisdiction.

In December 2017, the county court at law determined that it has jurisdiction over the cause and rendered judgment in favor of Smith, granting him possession of the premises located at 110 VZ CR 2426, Canton, Texas. The judgment incorporated the property description contained in the foreclosure sale deed, which excepted the specifically described 3.035 acres, and included the 2002 Powerhouse manufactured home. The court ordered the Meltons to surrender possession of the premises to Smith. This appeal of the possession order ensued.

## JURISDICTION

In their sole issue, the Meltons assert that the county court at law did not have jurisdiction over this case because the questions of title and possession are intertwined. They argue that they paid the purchase price of the real property in full and therefore there can be no lien on the real property. They further argue that they did not agree to create a tenancy at sufferance in the manufactured home, and the deed of trust did not give Smith the right to conduct a nonjudicial foreclosure of the manufactured home.

---

[1] As of this writing, the district court case remains pending.

**Standard of Review**

Whether a court has subject matter jurisdiction is a question of law which is reviewed de novo. ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). When conducting a de novo review, because the question is of law and not of facts, the reviewing court exercises its own judgment and accords the original tribunal's decision absolutely no deference. ***Quick v. City of Austin***, 7 S.W.3d 109, 116 (Tex. 1998).

**Applicable Law**

The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer. *See* TEX. PROP. CODE ANN. § 24.002(a)(1), (2) (West 2014); ***Rice v. Pinney***, 51 S.W.3d 705, 709 (Tex. App.−Dallas 2001, no pet.). A justice court in the precinct in which real property is located has jurisdiction in an eviction suit. TEX. PROP. CODE ANN. § 24.004(a) (West 2014). Appeal by the aggrieved party is de novo in the county court. TEX. R. CIV. P. 510.10; ***Dormady v. Dinero Land & Cattle Co., L.C.***, 61 S.W.3d 555, 557 (Tex. App.−San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g). The only issue in an eviction case, and the sole question for the trial court, is who has the right to immediate, actual possession of the real property under Chapter 24 of the Texas Property Code. TEX. R. CIV. P. 510.1, 510.3(e); ***Wells Fargo Bank, N.A. v. Ezell***, 410 S.W.3d 919, 921 (Tex. App.−El Paso 2013, no pet.).

Neither a justice court, nor a statutory county court on appeal, has jurisdiction to adjudicate title. TEX. R. CIV. P. 510.3(e); ***Ward v. Malone***, 115 S.W.3d 267, 269 (Tex. App.−Corpus Christi 2003, pet. denied). The existence of a title dispute does not deprive a justice court of jurisdiction over the forcible detainer action. ***Trimble v. Fed. Nat'l Mortg. Ass'n***, 516 S.W.3d 24, 28 (Tex. App.−Houston [1st Dist.] 2016, pet. denied). However, if the question of title is so integrally linked to the issue of possession that possession may not be determined without first determining title, justice and county courts lack jurisdiction over the forcible detainer action. ***Falcon v. Ensignia***, 976 S.W.2d 336, 338 (Tex. App.−Corpus Christi 1998, no pet.).

Yet, where there is an independent basis on which the justice or county court could determine the issue of immediate possession without resolving the issue of title, that court retains jurisdiction. ***Rice***, 51 S.W.3d at 712. When there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent

basis for resolving the issue of possession. *See **Yarbrough v. Household Fin. Corp. III***, 455 S.W.3d 277, 282 (Tex. App.−Houston [14th Dist.] 2015, no pet.). The existence of a landlord-tenant relationship between the purchaser at foreclosure and the current possessor of the property provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. ***Ezell***, 410 S.W.3d at 921.

**Analysis**

We first address the fate of the manufactured home. Pursuant to the contract, the Meltons agreed to purchase the land and an unidentified "trailer" which would be moved onto the real property. At some point, Smith moved a 2002 Powerhouse double-wide manufactured home, serial number CV02AL0260076, onto the real property. The warranty deed with vendor's lien, deed of trust, and promissory note, all dated December 28, 2015, identify the property at issue as:

> All those certain lots or parcels of land, being Lots 788, 789, 848, 849, and 850, of the TALL OAKS SUBDIVISION, Van Zandt County, Texas, according to the plat of said subdivision as the same appears of record in Glide 238-A, Plat Records of Van Zandt County, Texas.
>
> And the 16' x 68' single-wide manufactured home located thereon and more fully described as Label No. TEX0373719, Serial No. 50203025.
>
> Being the same land described in Warranty Deed dated April 16, 2007 from Trisha Louise Siegrist to Ed Smith, recorded in Volume 2226, Page 335, Real Records, Van Zandt County, Texas.

The foreclosure sale deed recites the same lot information, but in place of the second paragraph describing a single-wide manufactured home, it states:

> Together with the 2002 POWERHOUSE manufactured home, Serial No. CV02AL0260076 A & B situated on the herein above described real property.

The record shows that the 2002 Powerhouse is the double-wide manufactured home currently located on the real property at issue. The description of the single-wide manufactured home was erroneously included in the 2015 documents and inconsequential to this court's determination of the status of the manufactured home.

A manufactured home is personal property unless a statement of ownership for the home, issued under Section 1201.207 of the Occupations Code, reflects that the owner has elected to

treat the home as real property, and a certified copy of the statement of ownership and location has been filed in the real property records in the county in which the home is located. TEX. PROP. CODE ANN. § 2.001 (West 2014); TEX. OCC. CODE ANN. § 1201.222 (West Supp. 2017). If the manufactured home is personal property, the proper cause of action to recover possession is not a forcible detainer, it is a trial of the right of property. TEX. PROP. CODE ANN. § 25.001 (West 2014).

The record includes the statement of ownership and location regarding the 2002 Powerhouse that Smith filed in compliance with the property and occupations codes. It states that the owner elected to declare the manufactured home as personal property. Because the manufactured home is personal property, the county court at law did not have jurisdiction to dispose of it in a forcible detainer action. *See id*. The trial court erred in awarding possession of the manufactured home to Smith in this suit.

We now consider whether the county court had jurisdiction to resolve the issue of possession of the real property. The deed of trust authorizes a foreclosure sale of the real property upon the Meltons' default. It also provides that if the property is sold under the deed of trust, the Meltons must immediately surrender possession to the purchaser. It further provides that if they fail to do so, they become tenants at sufferance of the purchaser, subject to an action for forcible detainer.

Smith asserted that he is the owner of the property because he purchased it at the foreclosure sale and that the landlord-tenant relationship between Smith and the Meltons was established in the deed of trust. On this basis, he claims the right to possession. *See Ezell*, 410 S.W.3d at 921-22 (held that purchaser at foreclosure sale shows superior right to immediate possession by establishing that he has a landlord-tenant relationship with the borrower, he purchased the property at foreclosure, he gave proper notice to the occupants of the property to vacate, and the occupants refused to vacate the premises).

We acknowledge that, when there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property. *See Rice*, 51 S.W.3d at 712. Furthermore, a defendant's complaints about defects in the foreclosure process generally do not require a justice court to resolve a title dispute before determining the right to immediate possession. *See Trimble*, 516 S.W.3d at 30;

*see also e.g.,* ***Pinnacle Premier Props., Inc. v. Breton***, 447 S.W.3d 558, 564 (Tex. App.−Houston [14th Dist.] 2014, no pet.) (held no intertwined title issue when the defendants' title dispute was based on contentions that the foreclosure sale was conducted improperly and the lender had assigned the note to another bank); ***Gardocki v. Fed. Nat'l Mortg. Ass'n***, No. 14-12-00921-CV, 2013 WL 6568765, at \*4 (Tex. App.−Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.) (held no intertwined title issue when the defendant alleged that conditions precedent to the foreclosure were not satisfied); ***Bittinger v. Wells Fargo, N.A.***, 14-10-00698-CV, 2011 WL 4793828, at \*2-3 (Tex. App.−Houston [14th Dist.] Oct. 11, 2011, no pet.) (mem. op.) (held no intertwined title issue when the defendant alleged defects regarding the foreclosure sale such as the bank's lack of authority to foreclose).

However, in our estimation, the Meltons do not complain about defects in the foreclosure process. The Meltons assert that they paid in full for the land and dispute the validity of the documents that indicate that the lien attaches to the real property. Thus, they challenge the validity of the vendor's lien and the deed of trust, and the existence of a landlord-tenant relationship. They argue that when a contract provides for the payment of consideration partly for land and partly for personal property, a vendor's lien does not arise on the land where it is shown that the part of the consideration required for the land was paid.

The Meltons presented testimony that they agreed to pay, and Smith agreed to accept, $57,000 as full payment for the land. Prior to signing the contract that called for the Meltons to pay a total of $92,000, the parties drafted a contract pursuant to which the Meltons would purchase the land for $57,000. This contract did not mention a manufactured home and was never signed. Smith testified that the first contract was torn up and replaced with the new agreement whereby the Meltons would purchase the land and a manufactured home in "one packaged deal." The contract did not specify that the land and home were each assigned a specific portion of the total price. Smith attributed the monetary break down to a $57,000 down payment with the $35,000 to be paid later in a lump sum. The Meltons paid Smith $57,000 approximately three weeks before the warranty deed, promissory note, and deed of trust were signed.

The record also shows that, at the time the Powerhouse was moved onto the property, the Meltons were living on the property in a camper provided by Smith. The Meltons paid monthly rent for the use of the camper. They moved into the Powerhouse when law enforcement seized

the camper, which was stolen property. We note that, in the petition the Meltons filed in district court, they asserted that they signed the contract after the Powerhouse was moved onto the property. At trial, they testified that they never wanted to buy a manufactured home from Smith but they felt they had no choice. At the time, they had nowhere else to live and were afraid they would lose the land. There appears to be a question regarding whether the parties intended for the $57,000 to go toward the manufactured home or only the real property.

Courts have found intertwined title and possession issues in cases where the parties disputed the existence of a landlord-tenant relationship. *See Anderson v. Chandler*, No. 12-16-00299-CV, 2017 WL 2829329, at \*3-4 (Tex. App.−Tyler June 30, 2017, no pet.) (mem. op.) (held that Appellant's assertion of title through gift of property and absence of landlord-tenant relationship raised title issue that required resolution before a determination of right to immediate possession); *Yarbrough*, 455 S.W.3d at 283 (held that, because Appellants contend the deed of trust and substitute trustee's deed are void due to forgery, they raised an issue of title so intertwined with the issue of possession as to preclude jurisdiction in justice court); *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 175 (Tex. App.−Houston [14th Dist.] 2015, no pet.) (held that where Appellee attempted to evict her step-mother after inheriting home step-mother had shared with Appellee's father, in absence of landlord-tenant relationship, justice court did not have jurisdiction).

The Meltons have shown there is a fact dispute over whether they paid for the land in full, whether they pledged the land as security, and thus whether there was a landlord-tenant relationship. *See Anderson*, 2017 WL 2829329 at \*3-4. We conclude that the right to possession of the real property cannot be determined without first resolving issues regarding title to the real property. The justice and county courts lacked jurisdiction over this matter because the issue of immediate possession necessarily implicates issues of title on these particular facts. We sustain the Meltons' sole issue.

## DISPOSITION

Having sustained the Meltons' sole issue, we *vacate* the judgment of the county court at law and *dismiss* the forcible detainer action *for want of jurisdiction*.

**GREG NEELEY**
Justice

Opinion delivered August 22, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 22, 2018**

**NO. 12-18-00036-CV**

**JAMES ERIC MELTON AND KIMBERLY ANN MELTON,**
Appellants
V.
**ED SMITH,**
Appellee

___

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. CV-05737)

___

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **vacated** and the forcible detainer action be **dismissed for want of jurisdiction**. It is further ORDERED that all costs of this appeal are hereby adjudged against the Appellee, **ED SMITH**, for which execution may issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*