**Affirmed and Memorandum Opinion filed October 19, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00117-CV

**ANITRA M. CARTER, Appellant**

**V.**

**SHAUN GORMLEY, Appellee**

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1147128**

## M E M O R A N D U M   O P I N I O N

Appellant Anitra M. Carter appeals an adverse judgment in a forcible detainer action. Carter's property was sold at a foreclosure sale, and the purchaser later filed this proceeding after Carter refused to vacate the property. The trial court awarded immediate possession to the purchaser. Carter challenges the judgment on three grounds: (1) the purchaser lacked standing; (2) there is insufficient evidence to support one of the trial court's implied findings; and

(3) the trial court erred in excluding certain evidence.  Finding no merit to Carter's appellate contentions, we affirm the judgment.

## Background

In 2007, Carter executed a deed of trust securing repayment of a note in connection with a purchase of real property in Harris County.  Carter allegedly defaulted on the mortgage note, and the lender foreclosed the property.  The Bank of New York Mellon f/k/a The Bank of New York, as Trustee (CWALT 2007-4CB) (referred to as "the Bank") purchased the property at the non-judicial foreclosure sale and sent Carter a notice to vacate.  Carter allegedly did not vacate the property.

The Bank initiated this forcible detainer action in a Harris County justice court to obtain possession of the property from Carter.[1]  The justice court signed a judgment awarding possession to the Bank.  Carter appealed to the county civil court at law, which conducted a bench trial.[2]  At trial, the Bank introduced: Carter's 2007 deed of trust; the substitute trustee's deed showing the Bank's purchase of the property at the foreclosure sale; and the notice to vacate sent to Carter (as well as mailing records indicating delivery).  The county civil court at

---

[1] The Bank filed suit in justice court against "Anitra M Carter and All Other Occupants," but the justice court in its final judgment only granted the Bank relief to Carter, who is the only plaintiff to post security to appeal de novo.  *See* Tex. R. Civ. P. 510.9(a).  Carter and the Bank are the only parties to the county civil court at law's final judgment, leaving Carter as the only appellant before us.

[2] An appeal of an eviction case is by trial de novo.  Tex. R. Civ. P. 510.10(c).  Eviction suits include forcible entry and detainer and forcible detainer suits.  Tex. Prop. Code § 24.004(a). The only issue in forcible detainer actions is the right to actual and immediate possession; title is not adjudicated.  *See* Tex. R. Civ. P. 510.3(e); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *see also* Tex. Gov't Code § 27.031(b)(4) (providing that a justice court does not have jurisdiction of a suit for title to land).

law signed a final judgment awarding possession of the property to the Bank, and this appeal followed.[3]

## Analysis

In this court, Carter is self-represented. Carter's brief lacks citation to the record or to legal authority. Under our rules of appellate procedure, briefs must contain "a clear and concise argument for the contentions made with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). In the absence of any citation to the record or legal authority, we would be justified in concluding that Carter failed to adequately brief any argument in support of her appellate issues.[4] *See id.*; *Buggelli v. Feltis*, No. 14-07-00027-CV, 2008 WL 4308333, at *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2008, no pet.) (mem. op.) (although courts liberally construe briefing, failure to identify evidence, explain contentions, or support argument with legal authority in brief constitutes waiver of issue on appeal). Nevertheless, we will consider those arguments we can reasonably discern in the interest of justice. *See Arellano v. Don McGill Toyota of Katy, Inc.*, No. 14-09-00961-CV, 2011 WL 345869, at *1 n.1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.).

As we construe her brief, Carter asserts three issues. First, she argues that the Bank lacked standing at the time it filed suit. Second, Carter contends that the

---

[3] While the appeal was pending, appellee Shaun Gormley filed a motion to substitute party, asserting that Gormley purchased the property from the Bank and obtained the Bank's interest in the judgment by assignment. This court granted the motion, and Gormley is now the named appellee defending the trial court's judgment.

[4] Though Carter proceeds in this court pro se, she is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A pro se litigant must properly present her case on appeal; if this were not the rule, pro se litigants would benefit from an unfair advantage over those parties represented by counsel. *Id.* We do not apply different standards simply because a case is presented by a pro se litigant. *Id.*

trial court erred in impliedly finding that the foreclosure deed accurately reflected a purchase by the Bank.[5] Third, Carter challenges the trial court's exclusion of certain evidence. We address each in turn, beginning with the jurisdictional question.

## A.     The Bank's Standing

Carter challenges the Bank's standing to prosecute the forcible detainer suit.

Standing is an unwaivable component of subject matter jurisdiction and may be raised at any time and in any manner. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Blum v. Lanier*, 997 S.W.2d 259, 261 (Tex. 1999). A defendant may challenge the court's jurisdiction either on the pleadings or by evidence negating jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We first look to the pleadings to determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See id.* Whether a plaintiff has satisfied that burden is a question of law we review de novo. *Id.* at 226. Standing is determined at the time suit is filed. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993); *Turner v. Robinson*, 534 S.W.3d 115, 123 (Tex. App.— Houston [14th Dist.] 2017, pet. denied); *John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 650 (Tex. App.—Dallas 2013, pet. denied). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the unchallenged factual jurisdictional allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226. If the pleading is sufficient to demonstrate

---

[5] When, as here, no findings of fact or conclusions of law are filed or properly requested after a bench trial, it is implied that the trial court made all findings necessary to support its judgment. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Cochran Invs., Inc. v. Chicago Title Ins. Co.*, 550 S.W.3d 196, 201 (Tex. App.—Houston [14th Dist.] 2018), *aff'd*, 602 S.W.3d 895 (Tex. 2020).

jurisdiction, and if the defendant does not challenge the plaintiff's factual allegations with supporting evidence, then our inquiry ends. *See id.* at 227-28; *see also City of Jacksboro v. Two Bush Cmty. Action Grp.*, No. 03-10-00860-CV, 2012 WL 2509804, at \*5 (Tex. App.—Austin June 28, 2012, pet. denied) (mem. op.) ("[B]ecause [plaintiff] pleaded facts sufficient to affirmatively demonstrate the district court's subject-matter jurisdiction [and] because [defendant] has not challenged [plaintiff's] pleadings or its alleged jurisdictional facts . . . it was not necessary for [plaintiff] to produce evidence supporting its jurisdictional assertions.").

The Bank sued for forcible detainer, which is a "summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises." *Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936). The Bank's petition in justice court alleged that it "acquired the Property at a foreclosure sale on March 6, 2018," that the Bank gave Carter written notice to vacate, and that Carter refused to vacate the property. These factual allegations establish the Bank's standing. *See Stroman v. Martinez*, No. 14-13-01143-CV, 2015 WL 2090497, at \*4 (Tex. App.—Houston [14th Dist.] May 5, 2015, no pet.) (mem. op.) ("[I]it is undisputed that Martinez demonstrated that she acquired the Property at a tax sale and gave Stroman notice to vacate, but he refused. Therefore, Martinez has standing to bring an eviction suit against Stroman."); *see also Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *McGuire v. Fannie Mae*, No. 02-11-00312-CV, 2012 WL 955377, at \*2 (Tex. App.—Fort Worth Mar. 22, 2012, pet. dism'd w.o.j.) (mem. op.) (plaintiff's status as grantee under substitute trustee's deed sufficient to confer standing to assert forcible detainer action regarding property).

5

The Bank's pleading alleges sufficient jurisdictional facts to demonstrate standing. *Miranda*, 133 S.W.3d at 225-26. As Carter presented no evidence negating the Bank's pleaded jurisdictional facts, our inquiry ends once we conclude, as we have, that its pleading is sufficient. *Id.* at 227-28.

We overrule Carter's first issue.

## B. Evidence of Purchase

The purchaser at foreclosure who brings a forcible detainer action must show sufficient evidence of ownership to demonstrate a superior right to immediate possession by establishing that: (1) it has a landlord-tenant relationship with the borrower; (2) it purchased the property at foreclosure; (3) it gave proper notice to the occupants of the property to vacate; and (4) the occupants refused to vacate the premises. *See Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921-22 (Tex. App.—El Paso 2013, no pet.). In her second issue, Carter challenges the second element and argues that there is no evidence that the Bank purchased the property.[6] *See* Tex. R. App. P. 33.1(d) (allowing sufficiency of evidence complaints in civil nonjury cases).

In Carter's deed of trust, she agreed that "recitals in the Trustee's deed [following a foreclosure sale] shall be prima facie evidence of the truth of the statements made therein." The substitute trustee's deed recited that the substitute

---

[6] Carter does not specify whether she challenges the legal or factual sufficiency of the evidence, nor does she include in her brief any applicable standard of review. Because she asserts that no evidence supports the implied finding, we apply a legal sufficiency review. Under this familiar standard, we view the evidence and possible inferences in the light most favorable to the verdict, crediting evidence supporting the verdict if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015); *City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005).

6

trustee sold the property at a foreclosure sale and the Bank was the highest bidder, for the sum of $140,000.00.

These recitals "set forth the facts on which the foreclosure sale was based." *Mason v. Wells Fargo Bank, N.A.*, No. 05-12-01590-CV, 2013 WL 5948077, at *3 (Tex. App.—Dallas Nov. 5, 2013, no pet.) (mem. op.). Recitals in a deed "are evidence against the parties to such deed and their privies, but not against strangers." *Tex. Co. v. Lee*, 157 S.W.2d 628, 631 (Tex. 1941). Thus, there was at least some evidence before the trial court of the Bank's purchase of the property, including the purchase price. *See Venzor v. AMG BT Note One LLC*, No. 08-19-00007-CV, 2020 WL 4915590, at *4 (Tex. App.—El Paso Aug. 21, 2020, pet. denied) (mem. op.) ("Venzor and Munoz agreed in the deed of trust that the facts recited in the trustee's deed would be prima facie evidence of the truth of the statements made therein. Thus, the record contains evidence that AMG acquired the property and is now the record owner.").

We conclude that there is legally sufficient evidence to support the only challenged element of the Bank's forcible detainer cause of action, and we overrule Carter's second issue.

## C. Exclusion of Evidence

The gist of Carter's third complaint is that the trial court erroneously excluded evidence of a settlement agreement, involving the Bank but not Carter, that purportedly "nullified" Carter's promissory note.[7] The trial court refused to

---

[7] Carter phrases her third argument in terms of a lack of factually sufficient evidence, but she does not brief any applicable standard of review for factual sufficiency, nor does she argue that the trial court's judgment is against the great weight and preponderance of the evidence at trial. We therefore decline to engage in a factual sufficiency review of the evidence, and we instead construe Carter's third issue as complaining about the trial court's exclusionary ruling, which we review for abuse of discretion. *See Harpst v. Fleming*, 566 S.W.3d 898, 904 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

admit the alleged settlement agreement, stating, "It's not relevant" and "the settlement agreement has not been verified."

The settlement agreement about which Carter complains is not in the record from the bench trial. The trial court did not admit the document Carter offered at trial on the basis of improper authentication, and Carter did not include it in an offer of proof. Accordingly, Carter has not preserved a claim of error for appeal. *See* Tex. R. Evid. 103(a) (preserving claim of error of excluded evidence by offer of proof); Tex. R. App. P. 33.1(a)(1)(B) (requiring compliance with Texas Rules of Evidence).[8]

We overrule Carter's third issue.

## Conclusion

We affirm the trial court's judgment.

/s/     Kevin Jewell
       Justice

Panel consists of Justices Jewell, Spain, and Wilson.

---

[8] For this reason, we do not address Carter's appellate argument that the trial court could have and should have taken judicial notice of the agreement. Furthermore, Carter did not ask the trial court to take judicial notice of the agreement and thus failed to preserve any such argument for review. *E.g.*, *Green Mountain Energy Co. v. Kela*, No. 05-18-01330-CV, 2019 WL 5128168, at *3 (Tex. App.—Dallas Oct. 7, 2019, no pet.) (mem. op.) ("The record includes no request that the court take judicial notice and no objection to the alleged failure to take judicial notice. Green Mountain, therefore, has not preserved error on this issue.").