**Affirmed and Memorandum Opinion filed June 13, 2023**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00229-CV

### TERRANCE BELL, Appellant

### V.

### SUN WEST MORTGAGE COMPANY, INC., Appellee

**On Appeal from County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Cause No. CV-0089427**

## MEMORANDUM OPINION

Appellant Terrance Bell ("Bell") appeals pro se from a post-answer default judgment of possession in favor of appellee Sun West Mortgage Company, Inc. ("Sun West") in a forcible detainer action. In what we construe as one issue, Bell argues that Sun West lacked standing to bring a suit for forcible detainer. We affirm the judgment of the trial court.

## I. Background

Bell formerly owned a real property in Galveston County, Texas that was sold in a foreclosure sale in February 2020. Afterwards, he did not leave the property despite receiving a notice to vacate from Sun West, the post-foreclosure property owner.

In November 2021, Sun West filed a forcible-detainer petition in the justice court. Bell filed responsive pleadings pro se in the justice court. He also appeared at trial. On December 6, 2021, the justice of the peace signed a judgment of possession in favor of Sun West, ordering Bell evicted from the property.

Bell subsequently appealed to the county court for trial de novo and filed an answer and other pleadings pro se in the county court. On March 23, 2022, following a bench trial at which Bell did not appear, the county court signed a judgment of possession in Sun West's favor. Bell did not file post-trial motions but filed a notice of appeal on March 29, 2022.

## II. Post-Answer Default Judgment

Courts may reverse a post-answer default if (1) the defendant's failure to appear was unintentional and was not the result of conscious indifference, (2) the defendant has a meritorious defense, and (3) a new trial would not cause delay or undue prejudice. *See Matthis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam). Bell has addressed none of these factors directly and has not addressed the first or third elements inferentially. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). His appellate brief contains no mention of the trial or of his failure to appear, no argument addressing post-answer default, and no citations to the record or to applicable law. *See id.*

Although we construe a pro se party's filings liberally, a party's pro se status does not relieve him from rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Morris v. Am. Home Mort. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting pro se appellant in forcible detainer appeal must comply with rules regarding appropriate citation to authorities and to the record); *see also Wade v. Dominion at Woodlands*, No. 14-17-00777-CV, 2018 WL 3354549, at *2 n.4 (Tex. App.—Houston [14th Dist.] July 10, 2018, no pet.) (mem. op.) ("We construe pro se filings and briefs liberally but nonetheless hold pro se litigants to the same standards as licensed attorneys."). Construing Bell's brief liberally, we conclude that he raises only one jurisdictional issue that may be raised for the first time on appeal, which we address below. Otherwise, Bell raises nothing for us to review. *See* Tex. R. App. P. 38.1(i); *see also Johnson-Williams v. Idlewilde Apartments*, No. 14-19-00977-CV, 2021 WL 98895 at *1, (Tex. App.—Houston [14th Dist.] Jan. 12, 2021, no pet.) (mem. op.).

### III. STANDING

In his sole issue on appeal, Bell argues that Sun West lacked standing to bring the suit for forcible detainer.

Standing is a constitutional prerequisite to filing suit. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). A court does not have jurisdiction over a claim made by a plaintiff who does not have standing to assert it. *Id.* Because standing is a component of subject matter jurisdiction, it cannot be waived and can be raised for the first time on appeal. *West Orange-Cove Consol. I.S.D. v. Alanis*, 107 S.W.3d 558, 583 (Tex. 2003). We review questions of standing de novo because standing is a component of subject-matter jurisdiction. *Farmers Tex. Cnty. Mutual Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020).

When reviewing standing on appeal, we construe the petition in favor of the plaintiff and, if necessary, review the entire record to determine whether any evidence supports standing. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Standing requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Heckman*, 369 S.W.3d at 154; *see also Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (stating issue of standing focuses on whether party has sufficient relationship with lawsuit so as to have a "justiciable interest" in its outcome).

Generally, to have standing (1) the plaintiff must be personally injured; (2) the plaintiff's injury must be fairly traceable to the defendant's conduct; and (3) the plaintiff's injury must be likely to be redressed by the requested relief. *See Heckman*, 369 S.W.3d at 154. A standing inquiry requires a careful examination of the allegations in the petition to determine whether the "particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* at 156 (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)). "Only the party whose primary legal right has been breached may seek redress for the injury." *Alarcon v. Velazquez*, 552 S.W.3d 354, 359 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). "Without a breach of a legal right belonging to a specific party, that party has no standing to litigate." *Id.* "A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008).

Sun West's petition reflects that Bell's formerly-owned Galveston County property, which was subject to a mortgage on which he defaulted, was purchased at a foreclosure sale by Fannie Mae a/k/a Federal National Mortgage Association. Fannie Mae then conveyed the property to Sun West by a special warranty deed,[1] a

---

[1] A warranty of title warrants the title of the grantee. *See Chicago Title Ins. v. Cochran*

copy of which is attached to the petition. Sun West alleged in its petition that Bell thus became a tenant at sufferance, *i.e.*, an occupant in naked possession after his right to possession has ceased.[2] *See Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no pet.). Sun West alleges in its petition that it sent Bell a notice to vacate the property on November 1, 2021. Attached to the petition was a copy of two letters, which had been delivered and received by certified mail and also sent by regular mail addressed separately to Bell "and/or all occupants" and to "Tenant/Occupant." Sun West states in its petition that despite the notice to vacate, Bell failed to vacate and surrender the property to Sun West.

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. *See* Tex. Prop. Code Ann. § 24.002(a)(2). Thus, Sun West filed the forcible-detainer petition on November 15, 2021, seeking to evict Bell and for judgment for possession of the property.[3] These allegations and the attachments to the petition suffice to show that that Sun West had been personally injured, that this alleged injury was fairly traceable to Bell as tenant at sufferance, and that the injury—lack of possession—was likely to be addressed through a suit for forcible detainer. We

*Invs., Inc.*, 602 S.W.3d 895, 902 (Tex. 2020). A special warranty deed limits the circumstances under which a grantee can recover for a failure of title, allowing it to do so for claims by, through, and under the grantor, but not otherwise. *See id.*

   [2] Where a deed of trust establishes a landlord and tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners, an independent basis for possession exists on which the justice or county court can determine the issue of immediate possession without resolving the issue of title to the property. *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 418 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). This is so even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.); *see Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

   [3] A forcible-detainer suit is a special proceeding, governed by particular statutes and rules, to determine the right to immediate possession of real property. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* Tex. Prop. Code Ann. §§ 24.001–.011; Tex. R. Civ. P. 510.

conclude that Sun West had standing to bring suit and overrule Bell's issue.

## IV. CONCLUSION

Having overruled Bell's sole issue, we affirm the judgment of the county court at law.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justice Wise, Justice Jewell, and Justice Poissant.