**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00921-CV

———————————

**MARK TRIMBLE, INDIVIDUALLY AND AS ASSIGNEE FOR I.B. AND MILDRED HENDERSON, Appellant**

**V.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. CV-0074257**

---

## O P I N I O N

The Federal National Mortgage Association (Fannie Mae) purchased real property at a foreclosure sale after the original owners of the property, I.B. and Mildred Henderson, defaulted on their mortgage. After the Hendersons refused to vacate the property, Fannie Mae filed a forcible detainer action to remove them

from the property. The trial court issued an order granting summary judgment for Fannie Mae and granting Fannie Mae a writ of possession of the property. Mark Trimble, to whom the Hendersons had assigned their rights in the property, appeals that order. We affirm.

## Background

The Hendersons owned a home located at 1608 Alaska Avenue. The Hendersons took out a mortgage, secured by the home, with Financial Freedom Senior Funding Corporation, which assigned its rights to OneWest. The Hendersons defaulted on that mortgage.

At least four lawsuits resulted from the Hendersons' default. In the first, OneWest filed an expedited foreclosure proceeding under Texas Rule of Civil Procedure 736, in April 2014, in the 56th District Court. The trial court issued an order to "proceed with expedited foreclosure." One month later, Trimble and the Hendersons executed a "Caretaker Agreement" in which the Hendersons granted Trimble "a license to occupy, maintain, and manage the [Hendersons' home] rent free."

The Hendersons filed a second lawsuit in June 2014, also in the 56th District Court, for damages and declaratory relief, arguing that OneWest failed to obtain a proper court order for the foreclosure sale. The Hendersons subsequently nonsuited that case without prejudice in August 2014. The Hendersons later attempted to

withdraw that nonsuit, which the trial court denied; that order is the subject of a separate appeal in this Court.[1]

After the Hendersons nonsuited the second lawsuit, OneWest filed a notice of foreclosure sale and sold the property to Fannie Mae in October 2014. The Hendersons' mortgage with OneWest provided that if the property were sold at a foreclosure sale, the Hendersons "shall immediately surrender possession of the Property to the purchaser at the sale." And if not, they would become "tenants at sufferance and may be removed by writ of possession."

One month after the foreclosure sale, Fannie Mae gave notice to the Hendersons to surrender possession of the property. Fannie Mae mailed this notice both by (1) certified mail, return receipt requested and (2) first-class mail. Both notices were addressed to "Mildred Henderson, I.B. Henderson And/Or All Occupants." The Hendersons did not surrender possession, and Fannie Mae filed the third lawsuit: a forcible detainer action to evict the Hendersons from the property, in justice court. The justice court issued an order to evict the Hendersons in April 2015.

In May 2015, about six months after Fannie Mae mailed notice to surrender possession and after the justice court had ordered eviction, the Hendersons assigned all of their rights against Fannie Mae and OneWest to Trimble. The same

---

[1] Our opinion in that appeal is issuing today as *Trimble v. Financial Freedom Senior Funding Corp.*, No. 01-15-00851-CV.

3

day, Trimble and the Hendersons initiated a fourth lawsuit, a challenge to title naming OneWest, Fannie Mae, and the Hendersons' former law firm as defendants, in the 10th District Court.[2]

Meanwhile, litigation in the third lawsuit—the one giving rise to this appeal—continued. Trimble appealed the justice court's eviction order in the third lawsuit for de novo review in the County Court. Fannie Mae filed a summary-judgment motion in that appeal, which the County Court granted, dismissing Trimble's lawsuit. Trimble appeals the County Court's order granting Fannie Mae's summary-judgment motion.

## Jurisdiction

Trimble, in his first issue, argues that "[t]he record in the foreclosure proceeding"—the second lawsuit, which is not before us—"shows a complete lack of notice to the Hendersons which renders the foreclosure judgment void and the foreclosure sale void." Because Trimble contends that the foreclosure sale was void, he argues that the subject of the second lawsuit, which he describes as an "intertwined title dispute," "prevents the justice court and the county court from having jurisdiction to decide possession of real property."

---

[2] An appeal in that proceeding is pending in the Fourteenth Court of Appeals as *Trimble v. OneWest Bank*, No. 14-16-00641-CV.

4

## A. Standard of review and relevant law

Whether a trial court has subject-matter jurisdiction is a question of law, which we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). "If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause." *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985).

There are at least two rights at issue when a mortgagee defaults on his financial obligations: a right to title to the property and a right to possession. A justice court has jurisdiction to determine the right of possession through a forcible-detainer action, but the forcible-detainer action cannot "resolve any questions of title beyond the immediate right to possession." *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). The "existence of a title dispute" does not deprive a justice court of jurisdiction over the forcible-detainer action; "it is only deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute." *Id.* The justice court's determination "of possession in a forcible detainer action is a determination *only* of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Id.*; *see Wells Fargo Bank, N.A. v.*

*Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.) ("[T]he only issue in a forcible detainer action is the right to actual possession; and the merits of the title shall not be adjudicated.").

Because a forcible-detainer action's purpose is not to establish title, a plaintiff bringing a forcible-detainer action "is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a *superior right to immediate possession*." *Black*, 318 S.W.3d at 417 (emphasis added). When there is a landlord-tenant relationship between the purchaser at foreclosure and the current possessor of the property, such a relationship "provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title." *Ezell*, 410 S.W.3d at 921.

The validity of the foreclosure sale can be challenged in an adjudication of title regardless of the resolution of the forcible-detainer action; parties "have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of the award of possession of the premises in the forcible detainer action." *Black*, 318 S.W.3d at 417 (citation, italics, and internal brackets omitted) (quoting *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.)); *see Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 647 (Tex. App.—Austin 2008, no pet.) (district courts "have exclusive jurisdiction over cases

in which a judicial determination of a title dispute between the parties is necessary to render the judgment . . . .").

Because the borrower can still challenge the foreclosure in an adjudication of title, the purchaser at foreclosure who brings a forcible-detainer action must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession "by establishing that: (1) it has a landlord-tenant relationship with the borrower; (2) it purchased the property at foreclosure; (3) it gave proper notice to the occupants of the property to vacate; and (4) the occupants refused to vacate the premises." *Ezell*, 410 S.W.3d at 921–22. This burden can be satisfied even when "the possessor questions the validity of a foreclosure sale . . . ." *Id.* at 921.

It is the first and third of these four elements of a forcible-detainer action that Trimble challenges in this appeal.

**B.** **Whether there is a landlord-tenant relationship between Fannie Mae and the borrowers**

A provision in the borrower's mortgage creating a landlord-tenant relationship after a foreclosure sale satisfies the first element to give the purchasing bank a superior right to immediate possession, even if the borrower is simultaneously challenging the validity of the foreclosure sale. For example, in *Wells Fargo Bank v. Ezell*, the possessor testified that he filed a wrongful-foreclosure lawsuit against the bank but "[w]hen juxtaposed with the

7

uncontroverted evidence that [the bank] had a landlord tenant relationship with the [borrower] and thus a superior right to immediate possession of the premises, [the borrower's] testimony [was] insufficient to show that the county court lacked jurisdiction to award possession of the premises to [the bank]." 410 S.W.3d at 922. The possessor, nonetheless, retained "the right to pursue a wrongful foreclosure action in district court even if possession were awarded to" the bank. *Id.*

Similarly, in *Black v. Washington Mutual Bank*, the deed between the bank and the original owner "expressly create[d] a landlord and tenant-at-sufferance relationship" if the property were sold at a foreclosure sale. 318 S.W.3d at 418. The justice court "had evidence before it, including the deed of trust, the substitute trustee's foreclosure sale deed, and related documents establishing default on the note, a notice of eviction, the foreclosure pursuant to the deed of trust, and the sale of the property to" the bank. *Id.* Although a dispute existed as to whether the bank or another person owned the property, the evidence before the justice court made it "unnecessary for the trial court to determine the issue of title to the property," and the justice court correctly "determined that [the bank] was entitled to immediate possession, as grantee in the trustee's deed." *Id.* Any challenge to the title of the property had "no bearing on the determination of immediate right of possession." *Id.*

*Villalon v. Bank One* rejected a borrower's argument that an allegedly wrongful foreclosure prevents a landlord-tenant relationship from existing. 176 S.W.3d 66, 70–71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). According to the borrower, a deed of trust's provision that the borrower "became a tenant at sufferance" following foreclosure was unenforceable because of the wrongful foreclosure and, without that provision, the bank "could not show that a landlord-tenant relationship existed between the parties." *Id.* Because "[f]orcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court," and the bank "established that it is the owner of the property by virtue of a deed from the substitute trustee following the foreclosure sale" and established the existence of a landlord-tenant relationship based on the deed of trust, the bank "had the right to immediate possession without resolving whether [the bank] wrongfully foreclosed on the property . . . ." *Id.*

Like *Ezell*, *Black*, and *Villalon*, the deed of trust between the Hendersons and the bank created a landlord-tenant relationship between the purchaser at the foreclosure and the Hendersons. Fannie Mae, like the banks in the three other cases, presented to the court the original deed of trust, the foreclosure sale deed, documents showing default, and a notice of eviction. This evidence supports the trial court's conclusion that Fannie Mae had a landlord-tenant relationship with the Hendersons, and thus, a superior right to immediate possession. If, as in *Black* and

*Villalon*, Trimble wanted to challenge whether the foreclosure was wrongful, he could have pursued those issues in the pending action for adjudication of title in the district court.

Trimble argues that Fannie Mae cannot rely on the deed's provision that the Hendersons would become tenants at sufferance after a foreclosure sale because Fannie Mae was not a party to the deed. But the mortgage provides that the Hendersons "shall immediately surrender possession of the Property to the *purchaser* at the sale." (Emphasis added.) Fannie Mae was the purchaser at the foreclosure sale, and, thus, the Hendersons were required to "immediately surrender possession" to Fannie Mae.

Trimble also argues that *Yarbrough v. Household Finance Corporation III* supports his argument that if a fact issue regarding title exists in a forcible-detainer action, neither the justice court nor the county court has jurisdiction over that action. 455 S.W.3d 277, 278 (Tex. App.—Houston [14th Dist.] 2015, no pet.). *Yarbrough* acknowledged the general rule that "a defendant's complaints about defects in the foreclosure process generally do not require a justice court to resolve a title dispute before determining the right to immediate possession." *Id.* at 280. But the borrowers in that case testified that the signatures on the deed with the tenancy-at-sufferance clause were forged. *Id.* at 279. Because of the alleged forgery, a fact dispute existed over whether there was a landlord-tenant

relationship. *Id.* at 283. No such fact dispute exists about whether the Hendersons signed the deed creating the landlord-tenant relationship.

Thus, Fannie Mae satisfied the first element of a right to immediate possession.

## C.    Whether proper notice was given

Alternatively, Trimble argues that Fannie Mae did not satisfy the third element of a right to possession because it did not give the borrower the required notice under Section 24.005 of the Property Code. Fannie Mae mailed notice to the Hendersons via both certified mail with return receipt requested and first-class mail. When a letter containing notice is properly addressed and mailed with prepaid postage, a presumption exists that the notice was received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994). The presumption may be rebutted by an offer of proof that the addressee did not receive the letter but, "[i]n the absence of any proof to the contrary, the presumption has the force of a rule of law." *Id.* To overcome this presumption and support his argument that neither he nor the borrowers received notice, Trimble relies on the certified-mail envelope, which indicates that it was returned to Fannie Mae's attorney and contains a stamp stating "Return to Sender Attempted Unable to Forward." Trimble also relies on his affidavit that he did not receive notice.

But the certified-mail envelope and Trimble's affidavit that he did not receive notice are insufficient to raise a question of fact regarding whether a mortgage holder who intends to foreclose on a property has fulfilled the Property Code's notice requirements. Section 24.005 requires that, when notice to vacate is given by mail, notice be given "to the premises in question." TEX. PROP. CODE § 24.005(f). It does not require receipt by any particular person. On the contrary, even when notice is given in person, such notice "may be by personal delivery to the tenant *or any person residing at the premises* who is 16 years of age or older." *Id.* (emphasis added). For this reason, we have rejected an argument that notice was improper because it was mailed to "all occupants" and did not specifically identify a tenant's spouse. *Khalilnia v. Fed. Home Loan Mortg. Corp.*, No. 01-12-00573-CV, 2013 WL 1183311, at *3 (Mar. 21, 2013, pet. denied) (mem. op.) (notice addressed to "all occupants" presumed delivered to premises, notice's failure to name tenant's spouse notwithstanding). Addressing the notice to "all occupants" and mailing it is sufficient to raise the presumption that the notice was delivered to the property. *Id.*; *see Thomas*, 889 S.W.2d at 238.

Fannie Mae mailed notice via both certified mail with return receipt requested and first-class mail. Both notices were addressed to "Mildred Henderson, I.B. Henderson And/Or All Occupants." There is no evidence in the record that the

first-class-mail envelope was not delivered as addressed, that is, to the premises.[3] Rather, Trimble stated in his affidavit opposing summary judgment only that he was "the lawfully employed caretaker of the premises" and that he "never received a three[-day] notice to vacate." But the Property Code does not require receipt by Trimble or any other individual; it requires only mail "to the premises." *See* TEX. PROP. CODE § 24.005(f); *Khalilnia*, 2013 WL 1183311, at \*3. The affidavit does not contain any testimony—and Trimble does not identify any other evidence—that he was in fact an occupant, much less the only occupant, of the home when the notice was sent or that he was the only person who could have received the first-class notice if it was delivered as addressed. As a result, he has failed to raise a question of fact to rebut the presumption that the first-class notice was delivered "to the premises." The presumption therefore has the force of a rule of law. *Thomas*, 889 S.W.2d at 238; *see Khalilnia*, 2013 WL 1183311, at \*3.

---

[3] Trimble argues on appeal that he attached to his response to the motion for summary judgment a copy of a first-class-mail envelope sent to the property and marked, "Return to Sender." Trimble stated, in his response, that Fannie Mae produced the envelope during discovery. Trimble does not identify, however, any declaration, affidavit, or oral testimony authenticating that envelope or any support for his assertion that the document was produced in discovery. "Documents submitted as summary judgment proof must be sworn to or certified." *Wawarosky v. Fast Grp. Houston Inc.*, No. 01-13-00466-CV, 2015 WL 730819, at \*3 (Tex. App.—Houston [1st Dist.] Feb. 17, 2015, no pet.) (mem. op.) (citing TEX. R. CIV. P. 166a(f)). A completely unauthenticated document constitutes no evidence for purposes of a motion for summary judgment or opposition to such a motion. *Id.*; *see In re Estate of Guerrero*, 465 S.W.3d 693, 707 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc); *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 452 (Tex. App.—Dallas 2002, no pet.).

We hold that Trimble has failed to raise a question of fact precluding summary judgment as to either the existence of a landlord-tenant relationship or Fannie Mae's compliance with the Property Code's notice requirements. We therefore overrule Trimble's first issue.

**Relief**

In his second issue, Trimble argues that a "trial court can only grant summary judgment on the grounds addressed in the motion for summary judgment." According to Trimble, the trial court erred in granting summary judgment to Fannie Mae because the final summary-judgment order "entered by the court awards possession of the real property and *improvements*" to Fannie Mae although Fannie Mae's summary-judgment motion only requests possession of the "premises."

"[A] motion for summary judgment shall state the specific grounds therefor." TEX. R. CIV. P. 166a(c). "A trial court can only grant summary judgment on the grounds addressed in the motion for summary judgment." *Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 818 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Fannie Mae's summary-judgment motion requested possession of both the real property and improvements to the property. The motion defined "premises" as the "real property and improvements located at 1608 Alaska Avenue . . . ."

Additionally, the commonly understood meaning of the term "premises" includes the real property and the buildings on it. *See Spurlock v. Beacon Lloyds Ins. Co.*, 494 S.W.3d 148, 153 (Tex. App.—Eastland 2015, pet. denied) (discussing definitions of "premises" and concluding that term includes real property and buildings on that real property). The trial court, therefore, did not grant summary judgment on grounds not included in Fannie Mae's summary-judgment motion. We overrule Trimble's second issue.

## Conclusion

We affirm the trial court's judgment.



Harvey Brown
Justice

Panel consists of Justices Jennings, Keyes, and Brown.