**Opinion issued October 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-18-00167-CV

————————————

## WAYNE N. MYERS, Appellant

## V.

## PENNYMAC CORPORATION, Appellee

On Appeal from the County Civil Ct at Law No. 2
Harris County, Texas
Trial Court Case No. 1093378

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Wayne N. Myers, contends that the trial court lacked subject-matter jurisdiction to award possession of the disputed real property to appellee, PennyMac Corporation, a company that purchased the property at a foreclosure sale. We affirm.

# BACKGROUND

On October 22, 2004, Myers, along with Patricia N. Myers, executed a deed of trust, in which they voluntarily granted a lien against their property. The deed of trust provided:

> If the Property is sold pursuant to this Section 22, [Myers] or any person holding possession of the Property through [Myers] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Myers] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On January 3, 2017, the deed of trust was foreclosed, and the property was sold to PennyMac. A substitute trustee's deed of trust was executed on February 6, 2017, conveying all right, title, and interest in the property to PennyMac.

On January 10, 2017, PennyMac demanded, pursuant to the terms of the deed of trust, that Myers surrender and vacate the property. When Myers failed to do so, PennyMac, on March 6, 2017, filed its original petition for forcible detainer in the justice court, and the justice court subsequently entered a judgment for possession of the property in favor of PennyMac.

Myers appealed to the county court at law. PennyMac filed a motion for summary judgment, contending that it was entitled to a judgment of possession, which the county court at law granted.

This appeal followed.

2

## JURISDICTION

Myers's argues in his first issue that "[e]ven when jurisdiction over the subject matter and the parties exists, a final order may nevertheless be susceptible of collateral attack when the court has exceeded its jurisdiction in rendering it." Myers seems to contend that the trial court's judgment of possession was made without subject-matter jurisdiction because the foreclosure giving rise to it was erroneous.

### A. Standard of Review and Relevant Law

Whether a trial court has subject-matter jurisdiction is a question of law, which we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012); *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").

A forcible detainer action is designed to be a speedy, simple, and inexpensive means to determine the right to immediate possession of real property where there is no claim of unlawful entry. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue to be adjudicated is the right to actual possession. TEX. R. CIV. P. 510.3(e). To prevail in a forcible detainer action when the property was purchased at a foreclosure sale, the plaintiff must prove that: (1) the substitute trustee conveyed the property by deed to the plaintiff after the

3

foreclosure sale; (2) a landlord-tenant relationship existed and the occupants became tenants at sufferance; (3) the plaintiff gave proper notice to the occupants that it required them to vacate the premises; and (4) the occupants refused to vacate the premises. *See* TEX. PROP. CODE ANN. §§ 24.002, .005 (West 2014 & Supp. 2017); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446–47 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see Iqbal v. Fed. Nat'l Mortg. Ass'n*, No. 03-15-00667-CV, 2017 WL 2856737, at *2 (Tex. App.—Austin June 29, 2017, pet. denied) (mem. op.).

Thus, forcible detainer actions cannot resolve any questions of title beyond the immediate right to possession. *Trimble*, 516 S.W.3d at 28 (citing *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.)). The existence of a title dispute does not deprive a justice court of jurisdiction over the forcible detainer action; "it is only deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute." *Id.* (quoting *Black*, 318 S.W.3d at 417). Because a forcible detainer action's purpose is not to establish title, a plaintiff bringing a forcible detainer action is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* at 29. When there is a landlord-tenant relationship between the purchaser at foreclosure and the current possessor of the property, such a relationship "provides a basis for the trial court to

determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title." *Id.* (quoting *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.) ).

*B. Analysis*

We interpret the constitutional challenges raised in Myers's sole issue on appeal as a challenge to the trial court's jurisdiction to address the issue raised in this appeal, i.e., PennyMac's right to possession of the property.

The only issue to be adjudicated in a forcible detainer action is the right to actual possession, and Myers presented no evidence that the right to immediate possession necessarily requires the resolution of a title dispute in this case. *See* TEX. R. CIV. P. 510.3(e); *Trimble*, 516 S.W.3d at 28. Furthermore, PennyMac was not required to prove title; rather, it was only required to show sufficient evidence of ownership to demonstrate its superior right to immediate possession. *See Trimble*, 516 S.W.3d at 29. As long as PennyMac provided evidence of the existence of a landlord-tenant relationship between itself, as the purchaser at foreclosure, and the Myers, the current possessors of the property, such a relationship "provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title." *See id.*; *Ezell*, 410 S.W.3d at 921.

5

"A provision in [a] borrower's mortgage creating a landlord-tenant relationship after a foreclosure sale satisfies" the requirement that a landlord-tenant relationship existed, and the occupants became tenants at sufferance. *Trimble*, 516 S.W.3d at 29 (citing *Ezell*, 410 S.W.3d at 922, and *Black*, 318 S.W.3d at 418). PennyMac introduced as evidence a copy of Myers's deed of trust that he executed on October 22, 2004. The deed of trust stated, in relevant part,

> If the Property is sold pursuant to this Section 22, [Myers] or any person holding possession of the Property through [Myers] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Myers] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

PennyMac further provided a substitute trustee's deed demonstrating that it had purchased the property at a foreclosure sale.

These two documents, considered together, establish that, after PennyMac purchased the property at the foreclosure sale and Myers did not surrender possession, Myers became a tenant at sufferance of PennyMac. This uncontroverted evidence was sufficient to demonstrate the existence of a landlord-tenant relationship between PennyMac and Myers, and that relationship provided the basis for the trial court to determine the right to immediate possession of the property, even if Myers were to challenge the validity of the foreclosure sale and the quality of PennyMac's title. *See id.*; *Ezell*, 410 S.W.3d at 921. Thus, the trial court had

subject-matter jurisdiction over PennyMac's forcible-detainer action. *See Trimble*, 516 S.W.3d at 28.

We overrule Myers's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.