**AFFIRM; and Opinion Filed May 14, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

_____

**No. 05-18-00061-CV**

_____

**AUDRA DRAPER, Appellant**
**V.**
**AJ & SAL ENTERPRISES, LLC, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-06758-E**

# MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Pedersen, III

This is a forcible detainer action. Appellant Audra Draper[1] contends that the trial court

erred in granting judgment evicting her when she raised a question of wrongful foreclosure.

Appellee AJ & Sal Enterprises, LLC (AJ & Sal) argues that Draper's appeal is frivolous, and it

seeks sanctions pursuant to rule 45 of the Texas Rules of Appellate Procedure. We affirm the trial

court's judgment, but we decline to award sanctions in this case.

## Background

This litigation involves the residential property at 6002 Bluewood Drive in Garland, Texas

(the Property). At trial in the county court at law, AJ & Sal offered evidence that it purchased the

---

[1] Audra's former husband, Billy Draper, was also named a defendant in the forcible detainer action below. The trial court's judgment indicates that Billy defaulted. Only Audra has appealed the judgment, and she appears in this Court—as she did below— pro se. We will refer to her in this opinion as "Draper."

Property at a foreclosure sale. AJ & Sal offered the following documents into evidence without objection from Draper: the Substitute Trustee's Deed, the Deed of Trust, and a November 9, 2017 notice to Draper to vacate the Property.

Draper offered no documentary evidence or witness testimony other than her own. She testified that she had been wrongly foreclosed upon because the mortgage company had "messed with" her loan principal, reporting that she was behind $10,000 in her payments when she was not.

The trial court granted judgment for AJ & Sal. Draper appeals.

### Forcible Detainer

A forcible detainer action asks the trial court to determine the right to immediate possession of real property when there was no unlawful entry on the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). "It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title." *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470–71 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Indeed, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.). To establish that it has the right to immediate possession, a forcible detainer plaintiff must prove that (1) it has a landlord-tenant relationship with the occupant of the premises; (2) it purchased the property at foreclosure; (3) it gave proper notice to the occupant of the property to vacate; and (4) the occupant refused to vacate the premises. *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

Draper raises three issues in this Court; each points to one or more purported errors in the foreclosure process.[2] However, any challenge to the sale of property under a deed of trust must be

---

[2] Draper's issues specifically ask:

    1.    Whether the trial court erred in granting eviction when there was a question of wrongful foreclosure, making the case a title issue;

brought in a separate suit in which title issues can be determined, not in an action for forcible detainer. *Williams*, 315 S.W.3d at 927.[3] Draper's issues could not be resolved in the forcible detainer trial, and we cannot resolve them in this appeal.

Moreover, AJ & Sal established its right to possession of the Property at trial. The Substitute Trustee's Deed established that AJ & Sal purchased the Property at foreclosure. The Deed of Trust established the required landlord-tenant relationship. That document states:

> If the Property is sold pursuant to this Section 22 [which addresses rights of acceleration and non-judicial foreclosure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, *Borrower or such person shall be a tenant at sufferance* and may be removed by writ or possession or other court proceeding. (Emphasis added.)

The evidence also includes AJ & Sal's notice to Draper to vacate the Property within three days, and Draper acknowledged at trial that she received the notice. This action was initiated because she did not vacate the Property. Thus, AJ & Sal satisfied all elements of a forcible detainer action. *See Trimble*, 516 S.W.3d 29.

We discern no error in the trial court's awarding possession of the Property to AJ & Sal. We overrule Draper's issues.

### Sanctions

AJ & Sal contends that Draper's appeal is frivolous and that it should be awarded sanctions pursuant to rule 45, which states:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

---

2. Whether the [Substitute] Trustee's Deed issued on November 7, 2017 was defective and therefore a nullity; and

3. Whether an acceleration letter was sent before foreclosure.

[3] Draper attached to her reply brief a copy of the petition she has filed in district court seeking a declaratory judgment and damages based on her allegations of wrongful foreclosure.

TEX. R. APP. P. 45. "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.).

AJ & Sal argues that each of Draper's issue fails legally, and we agree. We have decided those issues against her and in favor of AJ & Sal. But we will impose sanctions only under circumstances we find truly egregious. *Dallas County City of Grand Prairie v. Sides*, 430 S.W.3d 649, 654 (Tex. App.—Dallas 2014, no pet.). There is no evidence to support a finding that Draper did not believe that the judgment should be reversed, or that she pursued the appeal in bad faith or solely for delay. Although we have rejected her contentions on appeal, we do not conclude the circumstances of this appeal are truly egregious.

We decline to award sanctions to AJ & Sal pursuant to rule 45.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

180061F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AUDRA DRAPER, Appellant

No. 05-18-00061-CV          V.

AJ & SAL ENTERPRISES, LLC, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-17-06758-E.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AJ & SAL ENTERPRISES, LLC recover its costs of this appeal from appellant AUDRA DRAPER.

Judgment entered this 14th day of May, 2019.