

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALMA GASCA, | § | No. 08-24-00134-CV |
| Appellant, | | |
| | § | Appeal from the |
| v. | | |
| | § | County Court at Law No. 7 |
| LAUNCHBASE PROPERTIES, LLC, | | |
| | § | of El Paso County, Texas |
| Appellee. | | |
| | § | (TC# 2024-CCV00278) |

## MEMORANDUM OPINION

Appellant Alma Gasca appeals a final judgment granting Launchbase Properties, LLC (Launchbase) possession of a residential property, while ordering her to vacate the premises within ten days. In two issues on appeal, Gasca asserts the evidence in support of the judgment is legally and factually insufficient to support two findings: (1) that Launchbase delivered a proper demand for possession and notice to vacate; and (2) that the evidence established the notice-to-vacate period had expired. We affirm.

## I. FACTUAL BACKGROUND

Edmundo Alexis Rubio, Launchbase's representative and sole managing member, testified he purchased a house located at 3624 Cottontail Drive, El Paso, Texas (the Property), on November 7, 2023, at a foreclosure sale. He received a Foreclosure Sale Deed conveying title to Launchbase

on November 15, 2023. Weeks later, on November 29, 2023, he posted a notice to vacate at the Property site. Rubio testified he normally would post a notice to vacate on the front door of a house, but because this Property had a "beware of dog" sign and he had seen a pit bull on the Property, he instead put the notice inside an envelope, labelled the envelope "important document," and taped the envelope to a rock wall at the entrance to the Property. The notice, entitled "3 Day Notice to Vacate," was addressed to "Alma Gasca and/or current occupants," signed by Rubio on behalf of Launchbase, and stated:

> **Reason for 3 day to [sic] notice to vacate/quit:**
>
> Forcible detainer of property after foreclosure occurred on November 7th, 2023.
>
> This is an unconditional demand for possession. Under Texas Property Code Section 24.005 you are hereby given notice to vacate the premises within 3 days after delivery of this notice.

Rubio then drove to the Post Office and sent "the exact same envelope that [he] had written and taped to the rock wall" by regular mail to the street address of 3624 Cottontail. He retained no evidence documenting that he mailed the notice by regular mail. Rubio then went to the El Paso County Central Appraisal District website and mailed the same notice by certified mail to the following P.O. Box address, which the website showed for Gasca: P.O. Box 26219, El Paso, TX 79926-6219.[1] He explained he sent the notice to the P.O. Box address because he was not sure if the Property had a mailbox. When the certified mail was delivered, Rubio received an email from USPS Tracking showing his "item" with the tracking number 9514 8066 9471 3333 1043 84 had been delivered on December 1, 2023.

---

[1] The Appraisal District showed the physical address of the property as located at 3624 Cottontail Dr, Clint, Tx. There is no dispute that the Property is in El Paso, Texas.

Rubio said Gasca called him on November 29th and asked him about the notice. Rubio said he told Gasca that the Property had been foreclosed and the notice gave her three days to leave the Property. He told her "you can come to an agreement with me, then maybe we can do it later, but you need to get in contact with me because you have three days to vacate the property." Rubio believed that, based on the telephone call, Gasca was aware of the notice to vacate.

After having no further contact with Gasca, Rubio filed suit in the justice of the peace court on December 6, 2023.[2] Rubio subsequently filed suit in county court and a bench trial commenced on May 13, 2024. During trial, Rubio was asked on cross-examination why he alleged only two methods of notice in his justice of the peace petition (i.e., posting at the property and by certified mail), instead of three methods of notice. Rubio responded he did not have room on the form petition he had used.

Gasca testified she had lived on the Property located at 3624 Cottontail Drive, El Paso, Texas, for more than 25 years, her daughter lived with her, and no one else lived at the Property. She said she saw the notice to vacate posted at the Property but could not remember the first time she saw it. Although she could not remember the date she called Rubio, she admitted she called him the same day she saw the notice and she called because she thought it was a "scam" and she did not "understand it."[3]  Gasca said the rock wall on which the notice was posted is about 100 feet from the house. She said she never received the notice in the mail or at a P.O. Box, and the notice on the rock wall was the only notice she ever saw. Gasca denied having a P.O. Box, said she did

---

[2] The justice of the peace case was later dismissed. Rubio subsequently filed suit in county court and a bench trial commenced on May 13, 2024.

[3] She explained, "Just because of the way it looked, very sloppy. I don't know. There's so many scams going around of people taking people's homes, so . . . my question was, why would somebody leave important documents outside the rock wall where anybody could take those documents. So I was just like in shock."

not know whose address was P.O. Box 26219, which was the address shown on the Appraisal District website, and the address was not hers. She did not know who listed P.O. Box 26219 on the Appraisal District website as her address. She said the Property had a mailbox, which was one of many located about a block from the house, and she received her mail at that mailbox.

Gasca was asked about an exhibit that showed proof of delivery from USPS. The proof of delivery was addressed to "Alma Gasca" and stated it was in response to her request for proof of delivery of an item with the tracking number: 9514 8066 9471 3333 1043 84, which was the same tracking number as the certified mail sent by Rubio. The proof of delivery showed delivery to P.O. Box 21219 and contained a photocopy of the recipient's signature, "Sandra N. Garcia." Gasca testified the signature was not hers, she did not know a "Sandra N. Garcia," P.O. Box 21219 was not the P.O. Box listed on the Appraisal District's website, and she denied receiving the certified mail.

Following closing arguments, the court ruled from the bench that the necessary requisites for obtaining possession of the Property were met and it awarded Launchbase possession of the Property. The court later signed a Final Judgment awarding possession of the Property to Launchbase and ordering Gasca to vacate the premises no later than ten days from the date of the judgment. The court also set an appeal bond at $25,000, which Gasca obtained. This appeal by Gasca ensued.

## II. APPLICABLE LAW & STANDARD OF REVIEW

In two issues, Gasca challenges the legal and factual sufficiency of the evidence to support a finding (1) that Launchbase delivered a proper demand for possession and notice to vacate and (2) that the notice-to-vacate period had expired.

## A. Law governing forcible detainer actions

"The sole focus of a forcible-detainer action is the right to immediate possession of real property." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). To establish a superior right to immediate possession, Rubio had the burden to prove (1) he owned the Property; (2) Gasca was either a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession; (3) Rubio gave proper notice to Gasca to vacate the premises; and (4) Gasca refused to vacate the premises. *Id.*; *Gruenangerl v. Saenz*, No. 08-24-00312-CV, 2024 WL 5251690, at *3 (Tex. App.—El Paso Dec. 30, 2024, pet. denied) (mem. op.). On appeal, Gasca challenges only the third element.

Because forcible detainer is a statutory cause of action, Rubio was required to strictly comply with its requirements. *Mendoza v. Bazan*, 574 S.W.3d 594, 607 (Tex. App.—El Paso 2019, pet. denied). Proper notice is an element of a forcible detainer action. *Id.*

## B. Standard of review

Gasca challenges the legal and factual sufficiency of the evidence in support of adverse findings on which she did not have the burden of proof. "In a [bench] trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). "When, as in this case, a statement of facts is brought forward, these implied findings may be challenged by factual or legal sufficiency points." *Id.* at 84. A trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence under the same legal standards applied to review jury verdicts for legal and factual sufficiency of the evidence. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).

When a party attacks the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof, it must demonstrate on appeal that no evidence supports the adverse finding. *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014). We will sustain a legal sufficiency challenge if "the evidence offered to prove a vital fact is no more than a scintilla." *Id.* (citations omitted). In conducting our review, "we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so." *Id.* (citation omitted). "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If a party attacks the factual sufficiency of the evidence supporting an adverse finding on an issue on which it did not have the burden of proof, it must demonstrate that the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The factfinder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Arcides v. Rojas*, 677 S.W.3d 154, 159 (Tex. App.—El Paso 2023, no pet.). We defer to the factfinder's determination of the credibility of the witnesses and the weight of their testimony. *Kiehne v. Jones*, 247 S.W.3d 259, 263 (Tex. App.—El Paso 2007, pet. denied). We may not substitute our judgment for that of the factfinder. *Arcides*, 677 S.W.3d at 159.

### III.  NOTICE TO VACATE

In her first issue, Gasca contends Launchbase's attempts to provide pre-suit notice to vacate—that is, by posting on the rock wall at the Property and by certified mail—both failed and were statutorily insufficient.

6

A demand for possession "must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." Tex. Prop. Code Ann § 24.002(b). Section 24.005 provides as follows:

> If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. . . . Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

*Id.* § 24.005(b).

"[T]he notice to vacate shall be given in person or by mail at the premises in question." *Id.* § 24.005(f). Notice given in person "may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door." *Id.* "Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." *Id.*

Subsection (f–1) of § 24.005 provides the following alternative to the procedures of subsection (f):

> [A] landlord may deliver the notice to vacate by securely affixing to the outside of the main entry door a sealed envelope that contains the notice and on which is written the tenant's name, address, and in all capital letters, the words "IMPORTANT DOCUMENT" or substantially similar language and, not later than 5 p.m. of the same day, depositing in the mail in the same county in which the premises in question is located a copy of the notice to the tenant if:
>
> > (1) the premises has no mailbox and has a keyless bolting device, alarm system, or dangerous animal that prevents the landlord from entering the premises to affix the notice to vacate to the inside of the main entry door; or

7

(2) the landlord reasonably believes that harm to any person would result from personal delivery to the tenant or a person residing at the premises or from personal delivery to the premises by affixing the notice to the inside of the main entry door.

*Id.* § 24.005(f–21).

"Notice to vacate under Subsection (f–1) is considered delivered on the date the envelope is affixed to the outside of the door and is deposited in the mail, regardless of the date the notice is received." *Id.* § 24.005(f–2). "The notice period is calculated from the day on which the notice is delivered." *Id.* § 24.005(g). "A notice to vacate shall be considered a demand for possession for purposes of Subsection (b) of Section 24.002." *Id.* § 24.005(h).

Based on these provision, we agree with Gasca that Launchbase failed to comply with notice requirements. Posting the notice on the rock wall at the Property was insufficient because both § 24.005(f) and § 24.005(f–1) require the notice be securely affixed to either the inside or the outside "of the main entry door." *Id.* § 24.005(f), (f–1). Here, the notice was not posted outside the main entry door, but instead, on a rock wall located about 100 feet from the house. Mailing the notice to the P.O. Box was insufficient because § 24.005(f) requires notice be mailed "to the premises in question." *Id.* § 24.005(f). Here, the Rubio testified he sent the notice by certified mail to the address listed on the Appraisal District website, P.O. Box 26219. But, the proof of delivery showed the item was delivered to a "Sandra N. Garcia" at P.O. Box 21219.

According to Gasca, Launchbase was left with only one option—delivery by regular mail. *See id.* She further contends that Launchbase provided no evidence to prove that delivery by regular mail was accomplished. On that point, however, we disagree. Although the evidence was conflicting, Rubio testified he drove to the Post Office and sent the notice by regular mail to the street address of 3624 Cottontail. Although Gasca denied receiving the notice in the mail, she

8

testified the Property was located at 3624 Cottontail Drive, the Property had a mailbox located about a block from the house, and she received her mail at that mailbox.

Deferring to the trial court's assessment of Rubio's credibility and the weight given his testimony, we conclude the evidence supports the trial court's implied finding that the notice to vacate was sent "by regular mail . . . to the premises in question." *Id.* § 24.005(f); *see Rose v. Pierre*, No. 01-22-00418-CV, 2023 WL 3357658, at *4–5 (Tex. App.—Houston [1st Dist.] May 11, 2023, no pet.) (mem. op.) (concluding evidence legally insufficient to support finding that Pierre gave proper notice to vacate because the only evidence of notice was Pierre's testimony that notice to vacate was given to Rose in August 2021; Pierre did not testify the notice was written or whether it was delivered in person or by mail, and no notice to vacate was offered or admitted into evidence).

Alternatively, Gasca asserts that even if there is evidence showing Launchbase mailed a correctly-addressed envelope containing the notice, the presumption of delivery was rebutted. A letter, properly addressed, stamped, and mailed, raises a rebuttable presumption that the addressee received the letter. *Long v. Paratheke Enters., LLC*, No. 05-22-00685-CV, 2023 WL 5214675, at *3 (Tex. App.—Dallas Aug. 15, 2023, pet. denied) (mem. op.); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.). To rebut the presumption, a tenant must adduce evidence that the letter was not delivered. *Id.* "The mere denial of receipt is sufficient to rebut the presumption." *Phan*, 137 S.W.3d at 767; *Perez v. Fed. Home Loan Mortg. Corp.*, No. 08-14-00249-CV, 2016 WL 4538528, at *4 (Tex. App.—El Paso Aug. 31, 2016, no pet.) (mem. op.) (holding same). However, although denial of receipt may be sufficient to rebut the presumption, the denial is not conclusive and merely presents a fact issue for the factfinder. *Phan*, 137 S.W.3d at 767; *Long*, 2023 WL 5214675, at *3. The presumption of receipt is overcome

conclusively only when the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive. *Id.* (internal quotations and citation omitted). "[A]n addressee's denial of receipt of a notice to vacate that was properly mailed, without additional evidence that the notice was not delivered, is rarely enough to overturn a finding that the tenant received the notice." *Long*, 2023 WL 5214675, at *3.

Rubio's testimony that he sent the notice by regular mail to the Property's address raised a rebuttal presumption that Gasca or another occupant received the notice.[4] Gasca's testimony that she did not receive the notice in the mail rebutted the presumption. Thus, the trial court was presented with a fact issue to resolve. The trial court was entitled to decide whether Gasca had presented evidence so conclusive, or so clear, positive, and disinterested as to overcome the presumption of receipt. *See Long*, 2023 WL 5214675, at *4; *Phan*, 137 S.W.3d at 768. Deferring to the trial court's assessment of Rubio's and Gasca's credibility and the weight given their testimony, we conclude the evidence supports the trial court's implied finding that the notice to vacate was received by Gasca. Because we may not substitute our judgment for that of the factfinder, we conclude that the evidence is legally and factually sufficient to support the trial court's implied finding that Rubio proved he gave proper notice to Gasca to vacate the premises. Accordingly, we overrule Gasca's first issue.

---

[4] Property Code § 24.005 requires that, when notice to vacate is given by mail, notice be given "to the premises in question." Tex. Prop. Code Ann § 24.005(f). "It does not require receipt by any particular person." *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). "On the contrary, even when notice is given in person, such notice 'may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older.'" *Id.* (quoting § 24.005(f)). "Addressing the notice to 'all occupants' and mailing it is sufficient to raise the presumption that the notice was delivered to the property." *Id.* Although Gasca's daughter was another occupant residing on the Property, the record contains no evidence regarding the daughter's age.

10

## IV. EXPIRATION OF TIME TO VACATE PRIOR TO FILING SUIT

In her second issue, Gasca contends that because there is no evidence to support a finding that notice was properly delivered to her, there was no basis to show that the time to vacate had expired before Launchbase filed suit in the justice of the peace court.

Launchbase was required to give Gasca "at least three days' written notice to vacate before . . . fil[ing] a forcible detainer suit[.]" Tex. Prop. Code Ann § 24.005(b). Rubio testified he mailed the notice on November 29, 2023, and we have concluded the evidence supports the trial court's implied finding that he gave proper notice to Gasca to vacate the premises. Rubio filed suit in the justice of the peace court on December 6, 2023—8 days after mailing the notice. *See, e.g., D'Olivio v. Hutson*, No. 05-20-01118-CV, 2022 WL 2980706, at *3 (Tex. App.—Dallas July 28, 2022, pet. denied) (mem. op.) (notice requirements in § 24.005 satisfied where notice to vacate was sent via mail 5 days before filing forcible-detainer suit); *Quintanilla v. ANG Rental Holdings Series Redeemer*, No. 05-20-00062-CV, 2021 WL 3625075, at *5 (Tex. App.—Dallas Aug. 16, 2021, no pet.) (mem. op.) (notice requirements in § 24.005 satisfied where notice to vacate was sent via mail 8 days before filing forcible detainer); *Perez*, 2016 WL 4538528, at *4 (notice requirements in § 24.005 satisfied where notice to vacate was sent via mail 7 days before filing forcible detainer). We conclude that the evidence is legally and factually sufficient to support the trial court's implied finding that Launchbase gave Gasca "at least three days' written notice to vacate before . . . fil[ing] a forcible detainer suit[.]" Tex. Prop. Code Ann § 24.005(b). Accordingly, we overrule Gasca's second issue

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

11

GINA M. PALAFOX, Justice

June 19, 2025

Before Salas Mendoza, C.J., Palafox, J., and Rodriguez, C.J. (Ret)
Rodriguez, C.J. (Ret.) (Sitting by Assignment)