

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-25-00291-CV

---

JOHNNY WALKER JR. AND SHEREE SMITH WALKER, Appellants

V.

BORAIN CAPITAL FUND-V, LLC, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-001205-1

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellants Johnny Walker, Jr. and Sheree Smith Walker appeal from the county court's eviction judgment in favor of Appellee BoRain Capital Fund-V, LLC. BoRain filed a motion to dismiss the appeal on the basis that, among other grounds, the Walkers were not and are not occupants of the property at issue (the Premises) and therefore do not have standing. We agree.

A person who is not a party in an eviction proceeding may not appeal from the trial court's judgment in that proceeding. *Bierwirth v. Fed. Nat'l Mortg. Ass'n*, No. 03-12-00430-CV, 2014 WL 858731, at *1 (Tex. App.—Austin Feb. 27, 2014, no pet.) (mem. op.); *Landy v. Sheppard's Edge Apartments, Ltd.*, No. 2-07-383-CV, 2008 WL 4938285, at *1 (Tex. App.—Fort Worth Nov. 20, 2008, no pet.) (per curiam) (mem. op.). Thus, if the Walkers were not parties to the proceedings and the judgment below, they have no standing to appeal the judgment, and the appeal must be dismissed. *See Bierwirth*, 2014 WL 858731, at *1; *see also Springstun v. Wharf at Clear Lake Slip Maint. Ass'n*, No. 14-25-00202-CV, 2025 WL 2167470, at *2 (Tex. App.—Houston [14th Dist.] July 31, 2025, no pet. h.) (mem. op.).

The defendants in the eviction case were Eula Mae Jackson, Mitchell A. Jackson,[1] and "All Other Occupants." The county court's judgment states that the Walkers appeared at the hearing but were not occupants of the Premises. That

---

[1]To avoid confusion, when talking about a person with the same last name as someone mentioned herein, we use the person's first name.

statement is supported by multiple documents filed by the Walkers in which they listed an address for themselves that is not the Premises.

Here, the Walkers filed a response to BoRain's dismissal motion, but it does not address or refute the motion's grounds. In fact, the Walkers' response contains no argument. It consists entirely of various documents: (1) emails between the Walkers and BoRain's attorney in which the Walkers state that they oppose BoRain's dismissal motion because the Premises had been "illegally obtained . . . [d]ue to the breach of [the] reverse mortgage contract"; (2) a copy of Eula's death certificate; (3) affidavits of heirship regarding the estate of Patsy Ann Walker, who died in 2018 and was apparently Johnny's mother and the Jacksons' daughter; (4) Patsy's death certificate; (5) a reverse mortgage foreclosure order regarding the Premises and naming Eula and "Mitchel A. Jackson, Deceased," as defendants and allowing the petitioner, Mortgage Assets Management, LLC, to foreclose on the property; and (7) a substitute trustee's deed naming BoRain as grantee.

Based on those documents, the Walkers appear to be arguing that this eviction suit arises from a wrongful foreclosure of their relatives' property. But an appeal from an eviction proceeding is not the correct method to challenge the validity of a foreclosure. *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Instead, a party challenging the propriety of a foreclosure must bring a separate suit, such as one for wrongful foreclosure. *Paulin v. Ghanem*, No. 02-23-00352-CV, 2024 WL 2202022, at *2 (Tex. App.—Fort Worth May

3

16, 2024, pet. denied) (mem. op.); *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see also In re Est. of Hardesty*, 449 S.W.3d 895, 904 (Tex. App.—Texarkana 2014, no pet.) (noting that plaintiff did not challenge foreclosure sale's validity but did challenge the order allowing foreclosure sale), *abrogated on other grounds by Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016). Further, regardless of what kind of claims the Walkers could have brought in the county court if they had been parties in the eviction proceeding, they were not parties, and we therefore have no jurisdiction over their appeal.[2]

The Walkers do not contend that they ever filed an answer on their own behalf or any other pleading claiming to be occupants, nothing submitted to this court shows that they were parties below, and nothing in the record in this court or the county court's register of actions shows that the Walkers filed an answer on their own behalf as occupants. Nothing before us shows that the Walkers filed their appeal in their capacities as Eula's heirs or representatives of her estate or that either of them was the sole beneficiary of her estate such that they could represent her estate pro se.[3] *Compare*

---

[2]The Walkers did not raise the doctrine of virtual representation in their response, and nothing before this court indicates that it applies. *See Rady v. GMAC Mortg. Corp.*, No. 03-12-00212-CV, 2013 WL 499405, at *1 n.2 (Tex. App.—Austin Feb. 1, 2013, no pet.) (mem. op.) (discussing when doctrine applies).

[3]Some of the documents filed by the Walkers indicate that Johnny *might be* one of Eula's heirs because Patsy apparently predeceased Eula, *see* Tex. Est. Code Ann. § 201.001, but whether Eula died intestate or who the beneficiaries of her estate are is left to speculation.

*Suday v. Suday*, 716 S.W.3d 586, 588–89 (Tex. 2025) (holding that pro se party could represent decedent's estate in appeal when the party was decedent's *sole* beneficiary), *with In re A.H.*, No. 02-21-00402-CV, 2022 WL 1682422, at *2 n.6 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (noting general rule that a pro se person cannot litigate the rights of others in a representative capacity).

In summary, the Walkers were not occupants of the Premises, they were not parties to the underlying suit or the county court's judgment, and nothing before this court shows that the Walkers have standing to pursue this appeal.[4] Accordingly, regardless of whether the Walkers can pursue legal action related to the foreclosure, they do not have standing to appeal the eviction judgment, and we have no jurisdiction over this appeal. *See Landy*, 2008 WL 4938285, at *1; *see also Bierwirth*, 2014 WL 858731, at *1; *Rady*, 2013 WL 499405, at *1. Because we have no

---

[4]Regardless of whether BoRain's suit could proceed against the Jacksons—as opposed to any other occupants—when both were deceased at the time of the trial and at the rendition of the county court's judgment, nothing in the Walkers' response indicates that they would have had standing to raise that issue in the county court. *See In re Coats*, 580 S.W.3d 431, 436 (Tex. App.—Texarkana 2019, orig. proceeding) (noting that when a defendant dies, the trial court loses personal jurisdiction over that defendant); *see also Rodriguez v. Deutsche Bank Nat'l Tr. Co.*, No. 13-18-00262-CV, 2020 WL 1613409, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, no pet.) (mem. op.) (stating that death of co-defendant created "jurisdictional quandaries" but that Rodriguez did not have standing to assert claims on the decedent's behalf and that the co-defendant's death did not prevent plaintiff from proceeding against Rodriguez); *Futrell v. State & Cnty. Mut. Ins.*, No. 05-95-01052-CV, 1996 WL 479555, at *2–3 (Tex. App.—Dallas Aug. 19, 1996, no writ) (not designated for publication) (discussing procedure applicable when defendant dies during lawsuit's pendency).

jurisdiction over this appeal, we grant BoRain's motion and dismiss the appeal for want of jurisdiction.

Per Curiam

Delivered:  October 23, 2025